TOWN OF WEST HARTFORD ET AL. *v.* FREEDOM OF INFORMATION COMMISSION ET AL.
(14122)

PETERS, C. J., CALLAHAN, GLASS, HULL and BORDEN, Js.

Argued January 15—decision released April 9, 1991

*Regina M. Hopkins-Griggs,* commission counsel, with whom, on the brief, was *Mitchell W. Pearlman,* general counsel, for the appellant (named defendant).

*Elizabeth Dee Bailey,* assistant corporation counsel, for the appellees (plaintiffs).

HULL, J. This is an appeal from a decision of the trial court, reversing a decision of the named defendant freedom of information commission (FOIC), wherein the FOIC had ordered the plaintiffs, the town of West Hartford and its director of finance, Andrew F. Urban, to provide the defendants Uniformed Firefighters' Association of Connecticut (UFAC) and its president, Raymond D. Shea, (defendants) with a list of the addresses of retired town employees. We reverse.

The relevant facts are as follows. The defendants requested that the plaintiffs provide them with a list of the names and addresses of all retired town employees. Relying on General Statutes § 1-19 (b) (2),[1] the

---

[1] General Statutes § 1-19 provides in pertinent part: "(a) Except as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency, whether or not such records are required by any law or by any rule or regulation, shall be public records and every person shall have the right to inspect such records promptly during regular office or business hours or to receive a copy of such records in accordance with the provisions of section 1-15. . . .

"(b) Nothing in sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive, shall be construed to require disclosure of . . . (2) personnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy . . . ."

plaintiffs provided a list of the names but denied each of three requests for the addresses. Thereafter, on April 15, 1987, pursuant to General Statutes (Rev. to 1987) § 1-21i (b),[2] the defendants filed a notice of appeal with the FOIC, seeking disclosure of the requested addresses. Following a hearing, the FOIC hearing officer recommended that the FOIC order disclosure, having found, inter alia, that although the addresses are part of a personnel file, because they are available in public directories and there was no evidence that any town retirees took extraordinary measures to keep their addresses out of the public domain and inaccessible, disclosure of such addresses would not constitute an invasion of personal privacy within the meaning of § 1-19 (b) (2).

The FOIC adopted the hearing officer's report as its final decision and ordered the plaintiffs to disclose the addresses to the defendants. Pursuant to § 1-21i (d),[3] the plaintiffs appealed the decision to the Superior Court, which sustained the appeal, concluding that because the defendants' appeal to the FOIC had been time-barred under § 1-21i (b), the FOIC lacked subject matter jurisdiction over the appeal. The trial court also rejected the FOIC's determination that the addresses of the retired employees are available in public directories, concluding that even if the FOIC had had jurisdiction, the addresses were exempt from disclosure as part of a personnel file, the disclosure of which would

---

[2] General Statutes (Rev. to 1987) § 1-21i (b) provides in pertinent part: "Any person denied the right to inspect or copy records under section 1-19 . . . or denied any other right conferred by sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive, may appeal therefrom to the freedom of information commission, by filing a notice of appeal with said commission. A notice of appeal shall be filed within thirty days after such denial . . . ."

[3] General Statutes § 1-21i (d) provides in pertinent part: "Any party aggrieved by the decision of [the freedom of information] commission may appeal therefrom, in accordance with the provisions of section 4-183."

constitute an invasion of personal privacy within the meaning of § 1-19 (b) (2). The FOIC appealed the decision to the Appellate Court and we thereafter transferred the appeal to this court pursuant to Practice Book § 4023.

The FOIC claims that the trial court mistakenly concluded that: (1) the defendants' appeal to the FOIC had been time-barred and that, therefore, the FOIC lacked subject matter jurisdiction over the appeal; and (2) the addresses of the retired town employees are exempt from disclosure under § 1-19 (b) (2).

I

The FOIC first claims that, contrary to the view of the trial court, the FOIC had subject matter jurisdiction to address the defendants' appeal because their appeal complied with the time constraints contained in § 1-21i (b). We agree.

On February 23, 1987, after two earlier requests had been denied, the defendants renewed their request that the plaintiffs provide them with a list of the addresses of retired town employees. The plaintiffs denied the third request in writing on April 8, 1987. On April 15, 1987, the defendants appealed this denial to the FOIC. The trial court concluded, however, that because the request on February 23, 1987, had been deemed denied on March 2, 1987, pursuant to General Statutes § 1-21i (a),[4] the time period for appealing the denial of that request had elapsed thirty days therefrom, on April 1, 1987, and that, therefore, the appeal filed on April 15, 1987, had been untimely. The FOIC claims

---

[4] General Statutes § 1-21i (a) provides: "Any denial of the right to inspect or copy records provided for under section 1-19 shall be made to the person requesting such right by the public agency official who has custody or control of the public record, in writing, within four business days of such request. Failure to comply with a request to so inspect or copy such public record within such four business day period shall be deemed to be a denial."

that because the appeal was filed within thirty days of the written denial of April 8, 1987, the appeal had been timely filed. We agree with the FOIC.

General Statutes § 1-21i provides in part: "(a) Any denial of the right to inspect or copy [public] records provided for under section 1-19 shall be made to the person requesting such right . . . within four business days of such request. Failure to comply with a request to so inspect or copy such public record within such four business day period shall be deemed to be a denial.

"(b) Any person denied the right to inspect or copy records under section 1-19 . . . may appeal therefrom to the freedom of information commission, by filing a notice of appeal with said commission. A notice of appeal shall be filed within thirty days after such denial . . . ." The plaintiffs assert that because the phrase "shall be filed" is mandatory, "such denial" from which "[a] notice of appeal shall be filed within thirty days" is the first denial of a request for public records, whether statutory or written. We are unpersuaded.

Because the Freedom of Information Act does not bar successive requests or successive denials, there is no requirement that an appeal to the FOIC, pursuant to § 1-21i (b), be taken from the denial of the first request or any particular request. *Board of Education v. Freedom of Information Commission,* 208 Conn. 442, 451, 545 A.2d 1064 (1988). Such a rigid requirement "would frustrate the 'strong legislative policy in favor of the open conduct of government and free public access to government records.' *Wilson* v. *Freedom of Information Commission,* [181 Conn. 324, 328, 435 A.2d 353 (1980)]." Id. The plaintiffs' proposed interpretation of § 1-21i would require that an appeal to the FOIC be taken from a particular denial, specifically a statutory denial. It would be illogical to conclude, how-

ever, that while an appeal need not be taken from the denial of a particular request, that the right of appeal is limited to a particular denial.

" ' " 'In construing a statute, common sense must be used, and the courts will assume that the legislature intended to accomplish a reasonable and rational result.' " ' *Ford Motor Credit Co.* v. *B.W. Beardsley, Inc.,* 208 Conn. 13, 20, 542 A.2d 1159 (1988). 'A statute . . . should not be interpreted to thwart its purpose.' *Builders Service Corporation* v. *Planning & Zoning Commission,* 208 Conn. 267, 276, 545 A.2d 530 (1988)." *Board of Education* v. *State Board of Labor Relations,* 217 Conn. 110, 126–27, 584 A.2d 1172 (1991). The plaintiffs contend that their interpretation of § 1-21i (b) would encourage prompt disposition of matters involving disclosure of public records. To the contrary, it would merely increase the number of requests made. Furthermore, such a construction might discourage good faith negotiations about requests for disclosure lest relief from the FOIC be foreclosed by the lapse of the appeal period. Moreover, because the Freedom of Information Act is designed to facilitate the disclosure of public information upon the requests of laypersons as well as lawyers, construing § 1-21i (b) as the plaintiffs suggest would undoubtedly result in unnecessary surprise to laypersons, who would ordinarily be unaware of such a short period of time in which to file an appeal, especially when they had received no response to their requests. Finally, contrary to the expressed need therefor in § 1-21i (a), the plaintiffs proffered construction would render written denials of requests for public records useless.

We conclude that the statutory denial set forth in § 1-21i (a) does not limit the right to appeal a written denial of a request for disclosure of public records, but merely ensures an expedient right of appeal for those who do not desire to await a written denial. Although

written denial of a request for disclosure of public records is required; General Statutes § 1-21i (a); there is no statutory recourse against a public agency for failure to comply with this requirement. Without the statutory denial provision, therefore, if a public agency failed to respond to a request, the person seeking disclosure would have no further recourse because the right of appeal to the FOIC in § 1-21i (b) is the right to appeal a denial. We further conclude that § 1-21i (b) affords a right to appeal to the FOIC any denial, whether written or statutory, of a request for disclosure of public records.

The defendants in this case filed a notice of appeal with the FOIC on April 15, 1987, seven days after the plaintiffs denied their third request for a list of the addresses. We conclude, therefore, that the trial court should not have concluded that the appeal had been untimely so as to bar the FOIC's subject matter jurisdiction.[5]

## II

The FOIC's second claim is that the trial court mistakenly concluded that the addresses of retired town employees are automatically exempt from disclosure pursuant to § 1-19 (b) (2). We agree.

---

[5] The result we reach is not inconsistent with our earlier conclusion that the time periods within which the FOIC must hear and decide an appeal, set forth in General Statutes § 1-21i (b), are mandatory. See *Zoning Board of Appeals* v. *Freedom of Information Commission,* 198 Conn. 498, 505, 503 A.2d 1161 (1986). Because the thirty day period for filing a notice of appeal with the FOIC, set forth in § 1-21i (b), relates to the subject matter jurisdiction of the FOIC rather than to prompt decision-making by government officials, the time period is distinct from the time provisions at issue in *Zoning Board of Appeals* v. *Freedom of Information Commission,* supra. See *LeConche* v. *Elligers,* 215 Conn. 701, 714, 579 A.2d 1 (1990) (court should indulge every presumption in favor of subject matter jurisdiction); *Demar* v. *Open Space & Conservation Commission,* 211 Conn. 416, 425, 559 A.2d 1103 (1989). Furthermore, because the defendants filed a notice of appeal with the FOIC within thirty days of the plaintiffs' denial, the issue of whether the thirty day filing period is mandatory is not presented by this appeal.

Section 1-19 (b) (2) provides that "[n]othing in sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive, shall be construed to require disclosure of . . . (2) personnel . . . files the disclosure of which would constitute an invasion of personal privacy." While the parties agree that disclosure of the addresses would require disclosure of personnel files, they disagree over whether disclosure of such files would constitute an invasion of personal privacy.[6]

"Connecticut courts have considered a person's reasonable expectation of privacy and the potential for embarrassment as significant factors in determining if disclosure [of public records] would constitute an invasion of privacy. *Galvin* v. *Freedom of Information Commission*, 201 Conn. 448, 461, 518 A.2d 64 (1986); *Judiciary Committee* v. *Freedom of Information Commission*, [39 Conn. Sup. 176, 188, 473 A.2d 1248 (1983)]." *Chairman* v. *Freedom of Information Commission*, 217 Conn. 193, 198, 585 A.2d 96 (1991). The trial court, in concluding that the retirees had a reasonable expectation of privacy in their addresses, rejected, as unsupported by the evidence, the FOIC's finding that these addresses were accessible through public directories.[7] It cannot seriously be questioned,

---

[6] Although Shea and the UFAC presented evidence that the addresses requested are contained in a computer payroll list, the FOIC determined that disclosure of the addresses would require disclosure of personnel files within the meaning of General Statutes § 1-19 (b) (2). Because this aspect of the FOIC's finding was never challenged, we accept it for purposes of this appeal. See *Hartford* v. *Freedom of Information Commission*, 201 Conn. 421, 433, 518 A.2d 49 (1986).

[7] The trial court went on to conclude that, on balance, the retirees' privacy interest in their addresses outweighed the virtually nonexistent public need for the information. We note that if it is determined that disclosure of a personnel file would constitute an invasion of privacy, the exemption of General Statutes § 1-19 (b) (2) applies. *Chairman* v. *Freedom of Information Commission*, 217 Conn. 193, 201, 585 A.2d 96 (1991). A balancing of interests is not required, nor is it consistent, with § 1-19 (b) (2). Id., 201–202.

however, that, as a general rule, addresses are publicly available. A person's address is known by his neighbors and is ordinarily published in public telephone and municipal directories. Absent specific requests for nondisclosure, mail order houses disclose addresses to those seeking such information for advertising purposes.

Courts may take judicial notice of "matters which come to the knowledge of men generally in the course of the ordinary experience of life, and are therefore in the mind of the trier, or they may be matters which are generally accepted by mankind as true and are capable of ready and unquestionable demonstration. *Hygeia Distilled Water Co.* v. *Hygeia Ice Co.,* 70 Conn. 516, 534, 40 Atl. 534 [1898]; *De Luca* v. *Park Commissioners,* 94 Conn. 7, 9, 107 Atl. 611 [1919]; *Masline* v. *New York, N.H. & H. R. Co.,* 95 Conn. 702, 708, 112 Atl. 639 [1921]; Thayer, Preliminary Treatise on Evidence, p. 301; 5 Wigmore, Evidence (2d Ed.) § 2571." *Roden* v. *Connecticut Co.,* 113 Conn. 408, 415, 155 A. 721 (1931). The doctrine of judicial notice also applies to administrative agencies. See General Statutes § 4-178;[8] *De Luca* v. *Park Commissioners,* supra, 9–10. We conclude that the FOIC could reasonably have taken judicial notice of the fact that, as a general rule, addresses are available in public directories. The trial court, therefore, mistakenly concluded that disclosure of the retirees' addresses would per se constitute an invasion of personal privacy.

We recognize, however, that there are persons who, through significant efforts, have made a conscious attempt to insulate their addresses from the public domain. Although the FOIC determined that there was

---

[8] General Statutes § 4-178, which applies to administrative agency hearings, provides in pertinent part: "In contested cases . . . (6) notice may be taken of judicially cognizable facts . . . ."

no evidence that any retirees had taken extraordinary efforts to keep their addresses inaccessible, the record indicates that the retirees were never afforded the opportunity to present such evidence. We conclude, therefore, that while ordinarily an address is not a private fact exempt from disclosure under § 1-19 (b) (2), the retirees should be afforded the opportunity to show that, by virtue of their significant efforts, they have a reasonable expectation of privacy in their addresses. After all, it is an individual's personal privacy that § 1-19 (b) (2) purports to protect.

The judgment is reversed and the case is remanded to the trial court with the direction to remand the case to the FOIC for a new hearing consistent with this opinion.

In this opinion the other justices concurred.