[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This, is an action brought pursuant to the provisions of Section 4-197 of the General Statutes by the Mashantucket Pequot Tribe (the "Tribe") and twenty-four individual plaintiffs against the defendants seeking money damages and an injunction for the release of personal, data, to third parties in violation of the provisions of Section 4-193
CT Page 9786 of the General Statutes. Both Section 4-197 and Section4-193 are part of the Personal Data Act.
Defendant State of Connecticut Department of Revenue Service, Division of Special Revenue (the "Department"), has filed a motion to dismiss on, the basis of sovereign immunity.
The individual plaintiffs (the "employees") are employees of Foxwood High Stakes Bingo and Casino (the "Casino"), which is a gaming enterprise run by the Tribe. The plaintiffs allege that, pursuant to an agreement between the Tribe and the Department, the employees submitted information to the Department for the purpose of being licensed to be employed at the Casino. Based upon an undisputed affidavit, the information consisted of the name, address and job classification of each employee. The plaintiffs further claim that the Department, in violation of Section 4-193 and without permission or notice of any kind, disclosed such information to co defendants United Food and Commercial Workers International Union, AFL-CIO Local 371, and Hotel and Restaurant Employees and Bartenders Union, AFL-CIO Local 217 (the "Unions").
The Department argues that the complaint is an attempt to sue the state and such a suit must fail absent consent by the state. The Department further argues that Section 4-197 does not authorize suit in this case because the information released was not personal data.
It is well-recognized in Connecticut that the state is immune from suit unless the General Assembly, by appropriate legislation, authorizes suits against the state or the state consents to be sued. Lacasse v. Burns,214 Conn. 464, 468 (1990). Notwithstanding, the absolute bar to actions against the state has been modified by statute and judicial decisions. Krozser v. New Haven, 212 Conn. 415,420-21 (1989). However, statutes in derogation of sovereignty should be strictly construed in favor of the state so that its sovereignty may be upheld and not narrowed or destroyed. Spring v. Constantino, 168 Conn. 563, 570
(1975). "Where there is any doubt about [the statutes'] meaning and intent they are given the effect which makes the least rather than the most change in sovereign immunity." White v. Burns, 213 Conn. 307, 312 (1990). CT Page 9787
The plaintiffs claim that the Department's disclosure of the plaintiffs' names, addresses and job classifications violated Section 4-193 and the Department's regulations promulgated thereunder at Department of Revenue Services, Miscellaneous Provisions, Personal Data, Section12-562-56a.
Section 4-193 sets forth an agency's duties with respect to personal data maintained in the agency's personal data system. Section 12-562-56a(f)(2) provides that the "procedures for disclosure shall be in accordance with Connecticut General Statutes Sections 1-15 through 1-21k, inclusive." In turn, General Statutes 1-19(a) provides:
 Except as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency . . . shall be public records and every person shall have a right to inspect such records.
However, General Statutes 1-19(b) provides:
 Nothing in sections 1-15, 1-18a, 1-19 to 1-19(b), inclusive, and 1-21 to 1-21k, inclusive, shall be construed to require disclosure of . . . personnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy; . . .
Further, Miscellaneous Provisions Section 12-562-56(f)(4) provides:
 The division is responsible for, ensuring that disclosure made pursuant to the Personal Data Act is conducted so as not to disclose any personal data concerning persons other than the person requesting the information.
This language mirrors the language in General Statutes4-193(g).
CT Page 9788 In Miscellaneous Provisions Section 12-562-56(a)(2) the Department adopted the following definition of "personal data" found in General Statutes4-190(9):
 "Personal data" means any information about a person's education, finances, medical or emotional condition or history, employment, or business history, family or personal relationships, reputation or character which because of name, identifying number, mark or, description can be readily associated with a particular person.
The information released in the present case consisted of name, address and job classification of each employee. Such information is, at the very least, information about "employment history" that is "readily associated with a particular person."
Inasmuch as the plaintiffs claim that this personal data about the employees was released to the Unions, the Department made a disclosure of personal data concerning persons other than the person requesting the information." Such action violated Section 4-193 and, the Department's own, rules promulgated thereunder.
General Statutes 4-197 provides:
 Any agency which violates any provision of [the Personal Data Act] shall be subject to an action by any aggrieved person for injunction, declaratory judgment, mandamus or a civil action for damages.
Given the clear violation of Section 4-193 in the present case, the court finds that the state has consented to suit pursuant to Section 4-197 and that the court has subject matter jurisdiction to hear the cause of action.
The Department further argues that it is required by Section 1-19 to disclose the information in issue. CT Page 9789
Notwithstanding the general policy favoring disclosure under the Freedom of Information Act ("FOIA"), General Statutes 1-19(b) provides that nothing in 1-19(a) should be construed to require disclosure of "personnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy; . . ."
In U.S. Dept. of Justice v. Reporters Committee,489 U.S. 749, 765, 109 S.Ct.; 1468, 1478, 103 L.Ed.2d 774
(1989), the United States Supreme Court interpreted, the FOIA at the federal level to reflect "a congressional understanding that disclosure of records containing personal details about private citizens can infringe significant privacy interests." In West Hartford v. Freedom of Information Commission, 218 Conn. 256, 264 (1991), our Supreme Court held that the release of addresses would not per se constitute an invasion of personal privacy, noting that addresses are ordinarily published in public telephone and municipal directories.
In the present case, however, employment descriptions were also released. The disclosure of employment records is materially different from the disclosure of addresses, inasmuch as details of employment are not as publicly known or readily obtainable as addresses.
Therefore, the court finds that the disclosure alleged in the present case constituted an invasion of privacy and the FOIA did not require the Department to release the data in question and would not excuse the Department's alleged violation of 4-193.
For the reasons stated above, the motion to dismiss is denied.
HENDEL, J.