[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, TFM Associates Limited Partnership principal and Leo Field as surety, appeal pursuant to general Statutes § 8-8 from a decision of the defendant Planning and Zoning Board of Appeals of Norwalk ["ZBA"]. The ZBA granted an application by defendant Elrac, Inc., d/b/a Enterprise Rental Car ["Elrac"] for a variance as to the front yard setback area for an existing ground sign.
Elrac operates a rental car agency located on Main Street in Norwalk, (Return of Record, ["ROR"] Item 1, Variance Application). Hertz Rent-A-Car Agency ["Hertz"] formerly occupied this site, and a ground sign showing the name of the business had existed for many years which was within the front yard setback area. (ROR, Item 1, Variance Application). On August 26, 1993, Elrac applied for 
front yard setback variance of 13.5 feet "based on the fact that the sign would not be visible if they were made to move it outside the front yard setback area and into the parking lot where another space would be lost." (ROR, Item 1, Variance Application). A public hearing was noticed for September 30, 1993; (ROR, Item 3, Published Notice of Public Hearing); and the ZBA thereafter unanimously voted to grant the application for a variance on October 7, 1993. (ROR, Item 7, Legal Notice Granting Variance). The ZBA did not give reasons for its decision.
On October 21, 1993, the plaintiffs filed this appeal seeking a reversal of the ZBA's decision, alleging that they have an interest in property in the vicinity of Elrac's rental agency. The plaintiffs claim that the ZBA acted illegally, arbitrarily and in abuse of its discretion in that the location of the variance will affect the use, enjoyment and value of their property because Elrac's sign obstructs passing customers' view of the sign for CT Page 5946 plaintiffs' business.
I. Timeliness
General Statutes § 8-8 (b) provides that a party taking an appeal must do so by commencing service of process within fifteen days of the date that notice of the decision was published. In the present case, the ZBA published notice of its decision in The Hour on October 7, 1993. (ROR, Item 7, Published Notice of Granting Variance). The plaintiffs' complaint was served upon Elrac and the ZBA on October 21, 1993, fourteen days after publication. The plaintiffs' appeal is timely.
II. Aggrievement
To show aggrievement, a party must demonstrate a specific, personal, and legal interest in the subject matter of the decision, as distinguished from a general interest, and must establish that this specific, personal, and legal interest has been specially and injurious affected by the decision. Winchester Woods Associationv. Planning and Zoning Commission, 219 Conn. 303, 307,592 A.2d 953 (1991). "Abutting landowners or landowners within a radius of one hundred feet a the land involved in any decision of the zoning board are considered automatically aggrieved and have standing to appeal a decision of a zoning board without having to prove aggrievement." Smith v. Planning Zoning Board, 203 Conn. 317,321, 524 A.2d 1128 (1987); see General Statutes § 8-8 (a)(1).
At the April 14, 1993 hearing before this court, Karazin, J., Joe Fields, a principal of TFM, testified that Elrac's rental car agency is on abutting property north of Rainbow Plaza, a shopping center owned by TFM. In addition, the plaintiffs later submitted a certified copy of a deed to the property. The plaintiffs have sufficiently demonstrated aggrievement.
III. Scope of Review
When reviewing a decision of a zoning board, "[t]he controlling question for the trial court is whether the zoning board acted arbitrarily or illegally or so unreasonably as to have abused its discretion." Horn v. Zoning Board of Appeals,18 Conn. App. 674, 676, 559 A.2d 1174 (1989); Whittaker v. ZoningBoard of Appeals, 179 Conn. 650, 654, 427 A.2d 1346 (1980). "The discretion of the local board is a liberal one to be overturned only when the board has not acted fairly or has no valid reasons for acting as CT Page 5947 it did, or with improper motives." Horn v. Zoning Board ofAppeals, supra. "Courts must not substitute their judgment for that of the zoning board and must not disturb decisions of local boards as long as honest judgment has been reasonably and fairly exercised after a full hearing." Molic v. Zoning Board of Appeals,18 Conn. App. 159, 164, 446 A.2d 1049 (1989). On appeal, the court is limited to examining the record of the hearing before the board to determine whether the conclusions reached were supported by the evidence.Farrington v. Zoning Board of Appeals, 177 Conn. 186, 190,413 A.2d 817 (1979). The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs. Whittaker v. ZBA, supra, 654. When the Board does not state the reasons why it granted a variance, the trial court must search the record to find a basis for sustaining the variance. Wnuk v. Zoning Board ofAppeals, 225 Conn. 691, 694-95, 626 A.2d 698 (1993); see alsoWard v. Zoning Board of Appeals, 153 Conn. 141, 144,215 A.2d 104 (1965); Haines v. Zoning Board of Appeals, supra, 26 Conn. App. 192.
IV. Analysis
The plaintiffs make the following arguments in support of their appeal: Elrac's hardship is self-inflicted because it presumed its ability to obtain a variance when designing its parking lot and now uses the hardship that presumption created as grounds for a variance; the fact that Elrac's immediate neighbor to the north is not in conformance does not give the defendant the right to also encroach; the Dry Dock Cafe blocks the southbound view of Elrac's sign, even with the variance; and the ZBA's granting of this variance, where no valid reasons exist, was an arbitrary use of its authority, as variances are to be granted only in exceptional circumstances.
A zoning board or appeals derives its authority to grant a variance from General Statutes § 8-6(3), which provides in relevant part that the ZBA may grant variances:
 `with respect to a parcel of land where, owing conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured.' CT Page 5948
Haines v. Zoning Board of Appeals, 26 Conn. App. 187, 191,559 A.2d 399 (1991), quoting General Statutes § 8-6 (3). "For a variance to be granted under General Statutes § 8-6(3), two conditions must be fulfilled: (1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." Kelly v. Zoning Board ofAppeals, 21 Conn. App. 594, 597-98, 575 A.2d 249 (1990).
In the present case, a variance was sought to maintain the setback for the sign at 1.5 feet instead of 15 feet from the front property line pursuant to § 118-1294D(2)[1] of the Norwalk Code and to change the name of the premises occupant without relocating the sign to conform to the regulations. (ROR, Item 2, Zoning Inspector's Memorandum to the ZBA, p. 1) Section 118-1292E provides in relevant part that:
 [e]xisting signs of a size and type not permitted in the district in which they are situated or which do not conform to all the provisions of these regulations are nonconforming signs under this section. No nonconforming sign shall be altered or changed in any way unless it is made to conform to these regulations. A new name shall be deemed to be a change . . .
The plaintiffs argue that variances should only be granted in exceptional circumstances and that Elrac's hardship was self-inflicted, since Elrac could have addressed the front setback regulation when redesigning and restriping its parking lot in order to comply with other zoning regulations.
"[A] hardship [must be] peculiar to a particular piece of property [and] must arise `from a condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the property owner's control.'" (Citations omitted.) Haines v. Zoning Board ofAppeals, supra, 26 Conn. App. 191. "Where the hardship involved `arises as the result of a voluntary act by one other than the one whom the variance will benefit, the board may, in the sound exercise of its liberal discretion, grant the variance.'"Whittaker v. Zoning Board of Appeals, 179 Conn. App. 657-58, quoting Belknap v. Zoning Board of Appeals,155 Conn. 380, 384, 232 A.2d 922 (1967). "The hardship which justifies a board of zoning appeals in granting a variance must be one that CT Page 5949 originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved." (Citations omitted.) Whittaker ZoningBoard of Appeals, supra, 658. "Where the claimed hardship arises from the applicant's voluntary act, . . . a zoning board lacks the power to grant a variance." Pollard v. Zoning Board ofAppeals, 186 Conn. 32, 29, 438 A.2d 1186 (1982);Archambault v. Wadlow, 25 Conn. App. 375, 594 A.2d 1015
(1991).
Elrac claimed the following hardship in its application for a variance: the sign would not be visible if it was made to move it outside of the front yard setback area and into the parking lot where another space would be lost. (ROR, Item 1, Application for Variance) In his memorandum to the ZBA, the Zoning Inspector noted that "literal interpretation and enforcement of the regulation would probably result in required reconfiguration of the parking area, along with additional construction for a new sign foundation." (ROR, Item 2, Memorandum from Zoning Inspector to ZBA). The Zoning Inspector also found that the pylon for the sign had been in that location for a long time and noted that the ground sign for the dry cleaning establishment immediately north of this site also appeared to encroach the setback, and "would probably divert southbound motorists' attention away from the rental car location to a much greater degree than present if the car rental sign setback was required to conform to regulations." (ROR, Item 2, Memorandum from Zoning Inspector to ZBA).
As noted above, the ZBA did not state the reasons for its decision to grant the variance. Before voting, the board member moving to grant the variance stated that to move the signposts back within the regulations would entail the loss of a parking space and would position the sign to be completely ineffective in locating the premises. (ROR, Item 5, Minutes of Executive Session). The record indicates that one of the members drove to the plaintiffs' shopping center and said that "she did not understand the objection" to defendant's sign. (ROR, Item 5, Minutes of Executive Session).
A search of record supports the ZBA's decision. Even assuming that the potential loss of parking could be seen as a self-inflicted hardship, as claimed by the plaintiffs, it was not the only hardship claimed nor was it the only hardship noted by the ZBA at its Executive Session. The visibility of Elrac's sign was addressed in Elrac's application, in the zoning inspector's CT Page 5950 memorandum, at the public hearing, and at the ZBA's Executive Session. (ROR, Item 1, Application for Variance; ROR, Item 2, Memorandum from Zoning Inspector to ZBA; ROR, Item 6, Verbatim Transcript, p. 1; ROR, Item 5, Minutes of Executive Session). The record indicates that Elrac's building was 52 feet from the front property line, while other buildings in the area were only fifteen feet from the property line. (ROR, Item 6, Verbatim Transcript). It is found that the ZBA could have reasonably found that the locations of the surrounding businesses were circumstances beyond Elrac's control. At least one board member also felt that Elrac's request was minimal. (ROR #5, Minutes of Executive Session).
"In an appeal from the decision of a zoning board, [the court reviews] the record to determine whether there is factual support decision, not for the contentions of the applicant." PleasantView Farms Development, Inc. v. Zoning Board of Appeals,218 Conn. 265, 279, 588 A.2d 1368 (1991). The ZBA's decision to grant the defendant's application for a variance is supported by the record. The plaintiffs have failed to meet their burden of proving that the ZBA acted arbitrarily, illegally or in abuse of its discretion. Accordingly, the court dismisses the plaintiffs, appeal.
KARAZIN, J.