CHAIRMAN, BOARD OF EDUCATION OF THE TOWN OF DARIEN, ET AL. *v.* FREEDOM OF INFORMATION COMMISSION ET AL.
(AC 19114)

Landau, Zarella and O'Connell, Js.

Argued March 21—officially released November 7, 2000

*Sheila A. Huddleston*, with whom, on the brief, were *Charles L. Howard* and *Thomas B. Mooney*, for the appellants (plaintiffs).

*Victor R. Perpetua*, appellate attorney, with whom, on the brief, was *Mitchell W. Pearlman*, general counsel, for the appellee (named defendant).

*Opinion*

ZARELLA, J. The plaintiffs, the chairman of the board of education of the town of Darien and the board of education of the town of Darien (collectively, board), appeal from the judgment of the trial court dismissing their appeal from a decision by the defendant freedom of information commission (commission).[1] The board claims that the court improperly concluded that (1) the board lacks standing to assert the confidentiality of certain preliminary documents used in an evaluation of the superintendent of schools, (2) the preliminary documents are not exempt from disclosure, (3) the board lacks standing to assert the confidentiality of the final evaluation document and (4) the disclosure of a confidential personnel evaluation is not a per se invasion of personal privacy. We reverse the judgment of the trial court.

The following facts and procedural history are relevant to our determination of this appeal. The board is a public agency charged with overseeing the operation of the public schools in the town of Darien. Pursuant

---

[1] Walter J. Casey, who requested the information that is the subject of this appeal, is the other defendant in this action.

to General Statutes § 10-157 (a),[2] the board conducted an annual evaluation of the superintendent of schools for the 1995-96 school year. As part of the evaluation process, each board member prepared a written preliminary assessment of the superintendent's performance during the preceding school year. Those preliminary notes were utilized in preparing the final written evaluation that was shared with the superintendent during an executive session of the board. See General Statutes (Rev. to 1997) § 1-18a (e), now § 1-200 (6).[3] At an open meeting following the evaluation, the board voted five to four to renew the superintendent's contract.

In a letter to the chairperson of the board, dated January 1, 1997, the defendant Walter J. Casey requested "copies of all records related to the Board of Education's evaluation of Darien's Superintendent of Schools . . . . This should include but not be limited to records related to interim steps in the evaluation process."[4] By letter dated February 10, 1997, the board denied Casey's request because the evaluation was conducted as a confidential process pursuant to board policy.[5]

---

[2] General Statutes § 10-157 (a) provides in relevant part: "Any local or regional board of education shall provide for the supervision of the schools under its control by a superintendent who shall serve as the chief executive officer of the board. . . . The board of education shall evaluate the performance of the superintendent annually in accordance with guidelines and criteria mutually determined and agreed to by such board and such superintendent."

[3] General Statutes (Rev. to 1997) § 1-18a (e), now § 1-200 (6), provides in relevant part: " 'Executive sessions' means a meeting of a public agency at which the public is excluded for one or more of the following purposes: (1) Discussion concerning the appointment, employment, performance, evaluation, health or dismissal of a public officer or employee, provided that such individual may require that discussion be held at an open meeting . . . ."

[4] The board identified the final written evaluation of the superintendent and the preliminary notes of each board member as the only documents subject to Casey's request. The disclosure of those documents is at issue in the present appeal.

[5] Section B (C) (6) of the board policy provides in relevant part: "The Board and Superintendent shall meet no later than mid June to discuss the

Casey appealed to the commission, alleging that the board's refusal to disclose the requested materials violated the Freedom of Information Act (act), General Statutes (Rev. to 1997) § 1-7 et seq., now § 1-200 et seq. A hearing was held before Clifton A. Leonhardt, who had been designated by the commission as the hearing officer for the case. On September 18, 1997, the hearing officer issued a proposed final decision, which the commission adopted as its final decision on October 22, 1997. The final decision required the board to disclose all of the requested materials.[6]

The board appealed from the commission's decision to the Superior Court. The court affirmed the commission's decision and dismissed the appeal. The court upheld the commission's finding that the board lacked standing to assert the superintendent's personal privacy exemption under General Statutes (Rev. to 1997) § 1-19 (b), now § 1-210 (b).[7] This appeal followed.

After the initial oral argument before this court, we ordered supplemental briefs on the following issue: When a request under the act seeks disclosure from a public agency of documents that would arguably constitute an invasion of an employee's personal privacy, is notice to the employee under General Statutes (Rev. to 1997) § 1-20a (b), now § 1-214 (b),[8] a prerequisite to

Board's evaluation of the Superintendent. All evaluation meetings shall be in executive session, and all evaluation reports shall be considered confidential in accordance with Connecticut General Statutes."

[6] See footnote 3.

[7] General Statutes (Rev. to 1997) § 1-19 (b), now § 1-210 (b), provides in relevant part: "Nothing in [the Freedom of Information Act] shall be construed to require disclosure of . . . (2) personnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy . . . ."

[8] General Statutes (Rev. to 1997) § 1-20a, now § 1-214, provides in relevant part: "(b) Whenever a public agency receives a request to inspect or copy records contained in any of its employees' personnel or medical files and similar files and the agency reasonably believes that the disclosure of such records would legally constitute an invasion of privacy, *the agency shall immediately notify in writing (1) each employee concerned* . . . .

the commission's issuing an order requiring disclosure of said documents? In its supplemental brief, the board states that the superintendent did not receive notice of Casey's request or of the proceedings before the commission. The commission also acknowledges in its supplemental brief that there is no evidence that the superintendent received notice. Nevertheless, the commission asserts that *in this case*, "the close legal and administrative relationship between the superintendent and her board" obviates the notice requirement of § 1-20a (b), now § 1-214 (b). We disagree.

The board's initial claim is that the court improperly determined that because the superintendent failed to object to the disclosure of her evaluation, the board lacks standing to assert the personal privacy exemption under § 1-19, now § 1-210. This claim raises the dispositive issue of whether the superintendent received notice of Casey's request for the disclosure of her evaluation or of the proceedings before the commission.

Pursuant to § 1-20a, now § 1-214, a public agency must provide notice to an employee whose personnel, medical or similar files have been requested if the agency reasonably believes that the disclosure of such

"(c) A public agency which has provided notice under subsection (b) of this section shall disclose the records requested unless it receives a written objection from the employee concerned . . . within seven business days from the receipt by the employee . . . or, if there is no evidence of receipt of written notice, not later than nine business days from the date the notice is actually mailed, sent, posted or otherwise given. Each objection filed under this subsection shall be on a form prescribed by the public agency, which shall consist of a statement to be signed by the employee . . . under the penalties of false statement, that to the best of his knowledge, information and belief there is good ground to support it and that the objection is not interposed for delay. Upon the filing of an objection as provided in this subsection, the agency shall not disclose the requested records unless ordered to do so by the Freedom of Information Commission pursuant to section 1-21i [now § 1-206]. . . ." (Emphasis added.)

records would legally constitute an invasion of privacy.[9] Additionally, General Statutes (Rev. to 1997) § 1-21i (b) (1), now § 1-206 (b) (1), requires the commission to order "the public agency to notify any employee whose records are the subject of an appeal . . . of the commission's proceedings and, if any such employee . . . has filed an objection under said subsection (c) [of § 1-20a, now § 1-214], the agency shall provide the required notice to such employee . . . by certified mail, return receipt requested or by hand delivery with a signed receipt. . . ."

Section 1-21j-32 (a), now § 1-21j-34 (a), of the Regulations of Connecticut State Agencies provides in relevant part: "Except when the commission [or the presiding officer] shall otherwise direct, the commission shall give written notice of a hearing in any pending matter to all parties, to all persons who have been permitted to participate as intervenors, to all persons otherwise required by statute to be notified, and to such other persons as have filed with the commission their written request for notice of hearing in a particular matter. . . ." This statutory and regulatory scheme ensures that notice of proceedings before the commission will be given to the employee whose records are at issue, even if notice was not given at the time of the initial request. We conclude, therefore, that the commission must ensure that the employee has received notice of its proceedings where the employer has failed to give the required notice pursuant to §§ 1-20a, now § 1-214, and 1-21i, now § 1-206.

The parties concede in their respective supplemental briefs that the superintendent did not receive the requisite notice. The board failed to comply with an order

[9] The commission does not dispute that the board declined to disclose the superintendent's evaluation records because the board believed that such disclosure would legally constitute an invasion of privacy.

of the commission to provide notice of the hearing to the superintendent. Furthermore, the commission found that despite the mandatory language of § 1-20a (b), now § 1-214 (b), "no evidence was introduced at the hearing to show that notice was given to the superintendent . . . and . . . to show that the superintendent did, in fact, object to disclosure of the evaluation records." The commission further found that "[§ 1-20a (b) and (c), now § 1-214 (b) and (c)] contemplated that the right to assert the invasion of personal privacy exemption was placed in the employee whose privacy is at issue and that the respondents who failed to give the statutorily required notice to the employee do not have standing to assert the exemption." Notwithstanding those findings, the commission ordered that "in the absence of meeting the burden of proving an exemption, the evaluation records should be disclosed."

Our Supreme Court has held that an investigative file of a sexual harassment complaint constitutes a file similar to a personnel file and, as such, may be disclosed pursuant to the act. *Connecticut Alcohol & Drug Abuse Commission* v. *Freedom of Information Commission*, 233 Conn. 28, 37–38, 657 A.2d 630 (1995). The court in *Connecticut Alcohol & Drug Abuse Commission* also held that the subject of the investigative file, in addition to the complaining individual, should be given the opportunity to show that the disclosure of the file would constitute an invasion of her privacy. After finding that the subject of the investigative file did not receive notice of the commission's proceedings pursuant to § 1-21i (b) (1), now § 1-206 (b) (1), the court ordered the matter remanded to the commission, in part, "so that proper notice and an opportunity to intervene may be given to the subject of the investigation, and for a subsequent determination as to whether release of the investigation file would constitute an invasion of the privacy of the

complaining officer or the subject of the investigation." Id., 44.

"Connecticut courts have considered a person's reasonable expectation of privacy and the potential for embarrassment as significant factors in determining if disclosure [of public records] would constitute an invasion of privacy." (Internal quotation marks omitted.) *West Hartford* v. *Freedom of Information Commission*, 218 Conn. 256, 263, 588 A.2d 1368 (1991). Accordingly, our Supreme Court in *West Hartford* held that retired municipal employees should be given the opportunity to show that they have a reasonable expectation of privacy in their addresses, which were the subject of a request pursuant to the act, before the commission makes a disclosure determination. Id., 264–65. "After all, it is an individual's personal privacy that § 1-19 (b) (2) purports to protect." Id., 265. The superintendent of the Darien public schools, if she so desires, should be afforded no less of an opportunity to prove that the disclosure of her performance evaluation would constitute an invasion of her privacy.

The judgment is reversed and the case is remanded with direction to vacate the commission's order of disclosure and to remand the case to the commission with direction that proper notice be given to the superintendent of schools and for a new hearing at which the superintendent of schools will be afforded the opportunity to prove whether the disclosure of the requested documents would cause an invasion of her personal privacy.

In this opinion the other judges concurred.