DECISION ON PLAINTIFF’S MOTIONS FOR LEAVE TO PRESENT ADDITIONAL EVIDENCE
PAUL M. GUERNSEY, Chief Judge.
The Plaintiff, a Tribal member and registered voter, appeals to this Court pursuant to MTC § 1—217(c), from the decision of The Mohegan Tribal Election Committee on his complaint regarding the handling of the general election for the vacancy on the Tribal Council occasioned by the appointment of Chairperson Lynn Malerba to the position of Chief of The Mohegan Tribe. Specifically, the Plaintiff has challenged the actions of the Election Committee [1] following the withdrawal from the general election of Mike Bozsum, one of the two top vote-getters in the primary election, which withdrawal occurred after the mailing of ballots to registered voters of The Mohegan Tribe.[2] It is the Plain *219 tiffs contention that, rather than refusing to accept Bozsum’s withdrawal and allowing the election to proceed, the Election Committee was obligated to inform the registered voters of the Mohegan Tribe of such withdrawal and conduct a Special Election. It is uncontroverted that, at the time of this election, the Election Code did not address the withdrawal of a candidate from either a primary or a general election.[3]
The matter presently before the Court are Plaintiffs Motion to Supplement Record, pursuant to MTC § 8—224(g) and Motion to Present Additional Evidence to the Tribal Election Committee, pursuant to MTC § 3—224(h). In each motion, the evidence consists of an article in the June 14, 2006 issue of Wuskuso relating to a primary election for the Council of Elders. In this article, one of the thirteen candidates was reported to have withdrawn, his photograph was labeled “WITHDRAWN”, and statement was reported that: “[t]he Tribal Election Committee asks voters not to select his name on their ballots.” At oral argument, relating to the MTC § 3-224(g) motion, Plaintiffs counsel stated, apparently for the first time, that his client, proceeding pro se before the Election Committee, had actually produced the article for the Election Committee’s hearing, and that it was properly a part of the record.
The Defendant argues, in part, that the Wuskuso article is not only hearsay but that the purpose of the submission is unknown. Actually, the purpose of the submission, to show that in the past the Election Committee has permitted the withdrawal of a candidate even when the Election Code was silent on the issue, is fairly obvious in the context of this case. As for whether the same is hearsay, it appears to contain a statement from the Election Committee and thus, at least in part, may not be considered hearsay even if strict rules of evidence are applied.[4]
Simplifying the situation is the position of the Defendant concerning the 2006 Council of Elders election:
This Determination[5] demonstrates that the Election Committee was aware of its own prior decisions and took them into account in reaching its determination to dismiss the Harris complaint. Therefore, the result of Plaintiffs proposal to present “additional evidence” to the Committee would be the receipt by the Committee of duplicative and redundant information.
*220 Defendant’s Objections to Plaintiffs Motions to Present Additional Evidence. The only possible conclusion from this argument is that the Defendant took judicial notice of its action in the 2006 election in deciding the Plaintiffs complaint filed with the Election Committee. “The doctrine of judicial notice also applies to administrative agencies.” West Hartford v. FOIC, 218 Conn. 256, 264, 588 A.2d 1368 (1991); Conn. Gen.Stat. § 4-178. Further, at oral argument counsel for the Defendant came very close to stating that he would have no objection to Plaintiffs counsel referring to the 2006 Council of Elders election in his brief,[6] while arguing strongly that same was not relevant.
Strictly speaking, the administrative record of which the Election Committee either took notice, or determined to be irrelevant, is the action it took in permitting the withdrawal of a candidate from a primary election for the Council of Elders in 2006, and not a news reporting of the same, even if the Wuskuso article is, as far as the Court can determine, the only reporting of this action available. Significantly, there appears to be no dispute whatsoever between the parties as to what that action was. “[A] court may take judicial notice of administrative hearing records.” Day v. Trybulski, 2008 WL 2039301 (Conn.Super.2008).
The provisions of MTC § 3-224(h) regarding the submission of additional evidence before the administrative agency require a showing of good cause for the failure to present the evidence in the prior proceeding and are not well suited to the situation where the Plaintiff claims to have brought the evidence to the attention of the agency and the Defendant appears to claim that the same was already judicially noticed. A further evidentiary hearing on Plaintiffs assertions that the article was brought to the attention of the Election Committee would only delay the resolution of this case.
Plaintiffs Motions to Present Additional Evidence to Election Committee and to Supplement Record are denied. Plaintiff, however, shall be permitted in his brief to refer to the actions of the Election Committee in the 2006 primary election for the Council of Elders as reported in the Wus-kuso article as part of the record of prior administrative actions of the Election Committee.

. The Election Committee is appointed by the Tribal Council "to conduct elections." MTC § l-201(a).

. The sequence of events, pursuant to the Stipulation of the parties, is as follows:
1. 9/16/210: Jonathan Hamilton and Mike Bozsum are declared the two top vote-getters in the primary election;
2. 9/23/2010: Ballots are mailed to registered voters of The Mohegan Tribe listing Hamilton and Bozsum as the two candidates;
3. 10/8/2010: Bozsum delivers a letter to the Election Committee declaring his intention to withdraw;
4. 10/11/2011 The Chair of the Election Committee transmitted a letter to Boz-sum that the Election Code makes no provision for withdrawal or removal of *219 his name from the Special Election, and that his name will remain on the ballot.

. This has been remedied by amendments to the Election Code enacted by Resolution No. 2011-27, adopted by the Tribal Council on April 20, 2011, which amendments are not relevant to this administrative appeal.

. Connecticut Code of Evidence, § 8-3(1), provides that statements by a party opponent are not excluded by the hearsay rule. The statement may be in either an individual or a representative capacity, a statement a party has adopted or approved, or a statement by a person authorized by a party to make the statement. Conn. Code of Evidence, 8-3(1)(A)-(C), Although the resolution of the instant motions does not require a decision on this issue, it certainly appears that an announcement by the Election Committee would fit within the above exceptions to the hearsay rule.

.The reference is to the Election Committee's statement that "the Election Committee, after review of Mohegan records since 1996, has determined that no candidate has been allowed by the Election Committee to withdraw from a general election after being elected to run in a primary election once the ballots have been mailed to the voters and a portion of the ballots have been cast.” (Emphasis added by Defendant). Defendant's Objections to Plaintiffs Motions to Present Additional Evidence.

. Attorney Moulding: "... I don't know if there is any particular reason that the Election Committee would object to a reference in a brief, to an argument in a brief, that something had happened, that the Election Committee had taken a position at some prior time because there is some. We are not going to pretend that there is no prior history and that the Election Committee has done other, has taken decisions in the past.” Transcript of hearing held January 6, 2012.