[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this appeal the Plaintiff-Appellant (hereinafter Youngquist) challenges the Freedom of Information Commission (hereinafter FOIC) decision declining to order the release of State of Connecticut Department of Banking (hereinafter Department) past and present employees' names and home addresses.
The Department, on or about August 2, 1994, received a request from Eric J. Youngquist requesting a list of names and home addresses of present and former Department employees. CT Page 8279
The Department denied the request by letter of August 8, 1994. The grounds for denial were exemptions from the Freedom of Information Act disclosure requirements under General Statutes §§ 1-19(b)(2) and 36-16 (a) (now § 36a-21 (a)).
Mr. Youngquist appealed this denial to the FOIC by letter dated September 7, 1994.
The FOIC heard the matter as a contested case on April 20, 1995 and June 22, 1995. The FOIC hearing officer issued a Report of Hearing Officer dated July 24, 1995. The FOIC, on August 23, 1995, adopted the hearing officer's report as its final decision.
The hearing had resulted in evidence establishing that certain present and former Department employees objected to the disclosure of their addresses, and in some instances had taken steps to protect the privacy of their home addresses. Department employees also established the investigatory nature of some of their work and the civil and criminal liability consequences to persons subject to such investigations. Mr. Youngquist had been the subject of a Department investigation and had a license revoked by the Department.
The FOIC decision ordered disclosure of the names of persons who had not objected to such disclosure, but denied access to other persons who had objected to such disclosure.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v. Departmentof Health Services, 220 Conn. 86, 94 (1991).
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has CT Page 8280 acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991). Similarly, " [w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotation marks omitted.) Board of Education v. Freedom of InformationCommission, 208 Conn. 442, 452 (1988).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United Parcel Service, Inc. v.Administrator, Unemployment Compensation Act, 209 Conn. 381, 385
(1988).
Youngquist's primary contention is that the decision is violative of General Statutes § 1-19 (a). Section 1-19 (a) provides:
 Except as otherwise provided by any federal law or state statute, all records maintained by or kept on file by any public agency . . . shall be public records and every person shall have the right to inspect such records promptly during regular business hours or to receive a copy of CT Page 8281 such records in accordance with the provisions of section 1-15.
The FOIC concedes that the names and addresses of present and former employees are public records subject to § 1-19 (a). (R #26, ¶ 5.) However, the decision declines to order the release of the home addresses of seventy-three present and former employees of the Department. The basis of this decision is the FOIC exercise of its discretion. The FOIC does not argue in its brief and conceded at oral argument that the public records were not subject by the privacy exemption of § 1-19 (b)(2).[1]
Our Supreme Court in Perkins v. FOIC, 228 Conn. 158, 169-175
(1993) articulated a comprehensive definition of "an invasion of personal privacy" for the purposes of the § 1-19 (b)(2) exemption, holding at 228 Conn. 175:
 Informed by the tort standard, the invasion of personal privacy exception of § 1-19 (b)(2) precludes disclosure, therefore, only when the information sought by a request does not pertain to legitimate matters of public concern and is highly offensive to a reasonable person . . . we are judging an invasion of privacy in terms of the objective common law concept of the "reasonable person."
The FOIC is correct in concluding that the release of home address would not be a non-legitimate matter of public concern and highly offensive to a reasonable person. The public could certainly be legitimately interested in ascertaining whether public employees were state residents and more specifically the town and street wherein they resided.
"The Freedom of Information Act expresses a strong legislative policy in favor of the open conduct of government and free public access to government records." Wilson v. FOIC,181 Conn. 324, 328-329 (1980). "The general rule under the Freedom of Information Act is disclosure with the exceptions to this rule being narrowly-construed. The burden of establishing the applicability of an exemption clearly rests upon the party claiming an exemption." New Haven v. FOIC, 205 Conn. 767, 774
(1988); Superintendent of Police v. FOIC, 222 Conn. 621, 626
(1992); Ottachian v. FOIC, 221 Conn. 393, 397 (1992); Rose v.FOIC, 221 Conn. 217, 232 (1992); Hartford v. FOIC, 201 Conn. 421,431 (1986); Meher v. FOIC, 192 Conn. 310, 315 (1984); and PerkinsCT Page 8282v. FOIC, supra, 228 Conn. 167.
The FOIC must tie its exercise of discretion to some policy of exemption consistent with the purpose of the act. The articulation at oral argument related to safety concerns of the Department employees objecting to disclosure. The record reveals that the Department investigations may have criminal, civil and licensure implications on persons and institutions. The Appellant Youngquist was the subject of investigatory action leading to his loss of a license. There is, however, no evidence of any threat by Youngquist or any other person, or any incident of retaliation. Mr. Youngquist asserts without refutation that he has no retaliatory or improper motive, and has no criminal record.
It is well established that the FOIC "should not accept an agency's generalized and unsupported allegations relating to documents claimed to be exempt from disclosure." Wilson v. FOIC,
supra, 181 Conn. 340; Hartford v. FOIC, supra, 201 Conn. 434. In this case, the FOIC accepted unsubstantiated, generalized claims as to privacy and safety. The presentations by the individuals was primarily to a claim of privacy, which has been properly abandoned by the parties. The safety concerns were the type of broad conclusory terms rejected in Wilson v. FOIC, supra, andHartford v. FOIC, supra.
The Freedom of Information Act strong policy favoring disclosure and the explicit list of narrowly construed exemptions seem entirely inconsistent with the FOIC action in this case. The FOIC has carved out a safety exemption which is not contained in the act and unsupported by the record.
The Appeal is sustained. The case is remanded to the FOIC for further proceedings in accordance with this decision. The FOIC shall order the Department to release the names and addresses of the seventy-three persons previously exempted from its order.
Robert F. McWeeny, J.