[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REARGUE
The Freedom of Information Commission (hereinafter "FOIC") on November 8, 1996 moved to reargue an issue addressed by the October 28, 1996 Memorandum of Decision in this case. The parties were heard on the Motion on December 11, 1996.
The judgment, subject of this motion, sustained Mr. Youngquist's appeal under General Statutes §§ 4-183 and1-21i(d), of an FOIC decision and remanded the case to the FOIC to order the State of Connecticut Department of Banking to release the names and addresses of seventy-three employees and former employees to Mr. Youngquist. CT Page 1217
The issue which the FOIC asks the court to revisit concerns the applicability of the invasion of personal privacy exemption of General Statutes § 1-19 (b)(2) to the thirty persons (among the seventy-three who objected to the disclosure of their names pursuant to General Statutes §1-20 (a)) who "have through significant efforts made a conscious attempt to insulate their addresses from the public domain. . . ." (Paragraph 24 of FOIC decision.)
In the initial argument there were additional issues and confusion at least by the court, as to the FOIC rational for declining to order the disclosure of the seventy-three names and addresses. The discretionary claim by the FOIC[1]
was discussed and rejected in the judgment. The FOIC agreed that the prior exemption of General Statutes § 1-19 (b)(2) was not applicable to all seventy-three persons. The Court construed such colloquy as conceding the privacy exemption. However, it is the FOIC position that the privacy exemption of General Statutes § 1-19 (b)(2) applies to the thirty "step-takers."
The Court has reconsidered its decision to afford the parties an opportunity to specifically address this claim; and also address the references to West Hartford v. FOIC,218 Conn. 256 (1991) as controlling authority on this issue.
The West Hartford case specifically addresses a request for names and addresses contained in public records. The persons whose addresses were being sought were retired public employees. The Supreme Court reversed the trial court on the basis of a jurisdictional issue (218 Conn. at 259) and went on to reject the trial court's determination that General Statutes § 19(b)(2) automatically exempted the addresses of the retired town employees. In dicta the decision criticizes the underlying FOIC decision which ordered the disclosure of the addresses in the absence of any evidence that any retirees had taken extraordinary efforts to keep their addresses inaccessible. The dicta in summary notes: "We conclude, therefore, that while ordinarily an address is not a private fact exempt from disclosure under General Statutes § 19(b)(2), the retirees should be afforded the opportunity to show that, by virtue of their significant efforts, they have a reasonable expectation of privacy in their addresses." CT Page 1218
The West Hartford case was followed by Perkins v. FOIC,228 Conn. 158 (1993) in which the standards for "invasion of personal privacy" under General Statutes § 1-19 (b)(2) were first established.
 Although this court has had previous occasions to apply the statutory exemption for "invasion of personal privacy" in the circumstances of a particular case; see, e.g.; Chairman v. Freedom of Information Commission,
supra, 198; we have not undertaken to articulate a comprehensive definition of what that phrase means. . . . The time has come to fill that void.
Perkins v. FOIC, 228 Conn. 169 (1993).
In filling the void the Perkins decision adopts the standard for invasion of personal privacy tort articulated in the Restatement of Torts, 3 Restatement (Second) Torts § 652D(1977).
Section 652D of the Restatement (Second) of Torts defines a tort action for the invasion of personal privacy as being triggered by public disclosure of any matter that "(a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public."
Perkins notes at 228 Conn. 174: "The legislature has, furthermore, determined that disclosures relating to the employees of public agencies are presumptively legitimate matters of public concern."
Thus, the applicable test in this case is whether the disclosure of names and home addresses of DOB employees, who have "made a conscious attempt to insulate their addresses from the public domain" would be highly offensive. In applying this standard "we are judging an invasion of personal privacy in terms of the objective common law concept of the `reasonable person.'"
The thirty "step takers" concern for their privacy is subjective and as the majority of persons freely disclose their address, the disclosure of an address is not generally "highly offensive to a reasonable person." See McNutt v.New Mexico State Tribune Company, 538 P.2d 804, 808 (1975). CT Page 1219 "We, therefore, hold that an individual's home address is a public fact and that its mere publication, without more, cannot be viewed as an invasion of privacy."
The only logical process by which the disclosure of these thirty names and addresses would be exempted by §1-19 (b)(2), after Perkins, is if the objective "reasonable person" would find it "highly offensive" to frustrate the expectation of personal privacy of these public employees, who have attempted to insulate their addresses from the public domain.
The Comment to § 652 of the Restatement suggests that subjective desires are insufficient.
 The rule stated in [§ 652D] gives protection only against unreasonable publicity, of a kind highly offensive to the ordinary reasonable [person]. The protection afforded to the plaintiff's interest in his privacy must be relative to the customs of the time and place, to the occupation of the plaintiff and to the habits of his neighbors and fellow citizens. Complete privacy does not exist in this world except in a desert, and anyone who is not a hermit must except and endure the ordinary incidents of the community life of which he is a part. . . . Even minor and moderate annoyance . . . is not sufficient to give him a cause of action under the rule stated in this Section. It is only when the publicity given to him is such that a reasonable person would feel justified in feeling seriously aggrieved by it, that the cause of action arises.
Perkins v. Freedom of Information Commission, 228 Conn. 158
(1993).
Perkins also notes at 228 Conn. 177:
 Finally, we note that when a person accepts public employment he or she becomes a servant of and accountable to the public. As a result, that person's reasonable expectation of privacy is diminished. . . .
CT Page 1220
"The Freedom of Information Act expresses a strong public policy in favor of the open conduct of government and free public access to government records." Wilson v. FOIC,181 Conn. 324, 328-329 (1980). "The general rule under the Freedom of Information Act is disclosure with exceptions to this rule being narrowly construed." New Haven v. FOIC,205 Conn. 767, 774 (1988); Superintendent v. FOIC,222 Conn. 621, 626 (1992); Ottachion v. FOIC, 221 Conn. 393, 397
(1992); Rose v. FOIC, 221 Conn. 217, 232 (1992) and Perkinsv. FOIC, supra, 228 Conn. at 167.
It would hardly be a narrow construction of invasion of personal privacy, especially under the Perkins test, to find the disclosure of home addresses of state employees; in contravention of their purely subjective desires, to constitute an objective "highly offensive" invasion of privacy.[2]
The West Hartford v. FOIC decision is not controlling authority on this issue. Its reference to the privacy exemption of General Statutes § 1-19 (b)(2) for public employees' home addresses is dicta. The decision in Perkinsv. FOIC purposely and for the first time undertakes "to articulate a comprehensive definition" of the "invasion of personal privacy" exemption of General Statutes §1-19 (b)(2).
The court is unable to reconcile the exemption from public disclosure for purely subjective reasons,[3] of a public employees' home address; with Perkins v. FOIC.
The court has reconsidered its decision and reaffirms its decision and orders of October 28, 1996.
McWeeny, J.