[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the defendant, the Freedom of Information Commission ("FOIC"), ordering the plaintiff, the Director of Retirement and Benefit Services Division, State of Connecticut Office of the Comptroller ("Director"), to disclose the home addresses of employees of the State of Connecticut, Department of Banking to the defendant, Eric Youngquist. The plaintiff brings this appeal pursuant to the Uniform Administrative Procedure Act ("UAPA"), General Statutes § 4-183 and the Freedom of Information Act ("FOIA"), General Statutes § 1-206(d) [formerly § 1-21i(d)]. For the reasons set forth below, the court finds the issues in favor of the defendants.
The case was initiated by the request of Eric Youngquist, in a letter dated March 2, 1996, seeking the home addresses of thirty-eight persons employed by the State of Connecticut, Department of Banking ("Department"). (Return of Record ("ROR"), Item 4, Complainant's Exhibit A, p. 12.) By letter dated March 25, 1996, Steven Weinberger, Director of Retirement and Benefit Services, denied Youngquist's request and advised him that the home addresses sought were identical to those previously requested by him in a pending Superior Court case Youngquist v.Freedom of Information Commission, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 554601[1], challenging a FOIC order exempting from disclosure the home addresses of seventy-three employees of the Department, including eighteen of the thirty-eight addresses Youngquist was presently seeking disclosure of, and that in the underlying Superior Court case, the FOIC order was stayed pending disposition of the appeal. (ROR, Item 5, Complainant's's Exhibit B, p. 14); see also Youngquist v. Freedom of InformationCommission, Superior Court, judicial district of Hartford-New CT Page 14658 Britain at Hartford, Docket No. 554601. By letter dated April 27, 1996, Youngquist appealed this denial to the FOIC. (ROR, Item 1, Letter of Complaint date April 27, 1996, p 1.)
Pursuant to General Statutes § 1-214, the Department distributed notices to the thirty-eight employees subject to Youngquist's FOIC request advising them that their home addresses had been requested and that they could file written objections to their disclosure. See General Statutes § 1-214(b)[2] and (c)[3]. Thereafter, the Department, received eleven objections by employees to the disclosure of their addresses, including an objection from the Administrative and Residual Employees Union, which represents all thirty-eight employees. (ROR, Item 12, Respondent's Exhibit 1, p. 38-57.) Three employees did not object to disclosure of their addresses and those addresses were provided to Youngquist by the Director.
Hearing Officer, Rosalind Berman, heard this matter as a contested case on October 2, 1996 and November 4, 1996. Evidence set forth at the hearing established that certain employees objected to the disclosure of their addresses and had taken significant steps to keep their addresses private. Examples included exclusion by the employees of their telephone numbers and addresses from telephone directories; requests by employees that their names be removed from all mailing lists; and the use of a post office box as an address. Department employees testified that based on the investigatory nature of some of their work, they had substantial security concerns regarding release of their addresses. One employee testified that, because he was the lead investigator in an investigation of Youngquist conducted by the Banking Department which resulted in the revocation of Youngquist's registration as an agent engaged in the sale of securities and his later arrest on charges related to that investigation, he had some fears of retribution by Youngquist.
On March 21, 1997, the FOIC hearing officer issued a Report of Hearing Officer, which the FOIC adopted as its final decision on April 23, 1997. In its final decision, the FOIC, based on the decisions in DOB v. FOIC, Superior Court, judicial district of Hartford-New Britain, Docket No. 554467 (October 28, 1996, McWeeny, J.) and Youngquist v. FOIC, Superior Court, judicial district of Hartford-New Britain, Docket No. 554601 (October 28, 1996, McWeeny, J.) and (February 18, 1997, McWeeny, J.), ordered disclosure of the requested home addresses of the Department employees, excluding those addresses that the Director had CT Page 14659 already provided to Youngquist, and further ordered that the Director shall henceforth "strictly comply with the provisions of §§ 1-15(a) and 1-19(a), G.S." (ROR, Item 23, Final Decision, p. 152, ¶¶ 5, 1-3.)
Thereafter, the Director filed a timely appeal on June 13, 1997. The answer and record were filed by the FOIC on April 9, 1998 and a supplemental record was filed on December 30, 1998. Brief were filed by the plaintiff on December 16 and 21, 1998 and by the defendant on February 5, 1999. The parties were heard by the court in oral argument on July 13, 1999.[4]
Since the decision of the FOIC requires the plaintiff to provide the requested home addresses of the Department employees and to henceforth strictly comply with the provisions of FOIA, the court finds that the plaintiff is aggrieved within the meaning of General Statutes § 4-183. See New EnglandRehabilitation Hospital of Hartford, Inc. v. CHHC, 226 Conn. 105,120 (1993).
At the outset, the court notes the "standard of review for all of the plaintiff's claims on appeal. Because [the court is] reviewing the decision of an administrative agency, [the court's] review is highly deferential. . . . Ordinarily, this court affords deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statute's purposes. . . . [A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . ." (Citations omitted; internal quotation marks omitted.) Bezzini v. Dept. of Social Services, 49 Conn. App. 432,436 (1998). Where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion. . . ." (Citations omitted.) United Parcel Service,Inc. v. Administrator, 209 Conn. 381, 385-86 (1998). CT Page 14660
The dispositive issue in this administrative appeal is whether the employees' home addresses were exempt from disclosure as part of a personnel file, the disclosure of which would constitute an invasion of personal privacy within the meaning of General Statutes § 1-210(b)(2) [formerly § 1-19(b)(2)]. That subsection provides:
 Nothing in the Freedom of Information Act shall be construed to require disclosure of: . . . (2) Personnel or medical files and similar files the disclosure of which would constitute an invasion of personnel privacy.
In applying FOIA, the court is mindful that: "The Freedom of Information Act expresses a strong legislative policy in favor of the open conduct of government and free public access to governmental records." Wilson v. Freedom of InformationCommission, 181 Conn. 324, 328 (1980). "[T]he general rule under the Freedom of Information Act is disclosure with exceptions to this rule being narrowly construed. The burden of establishing the applicability of an exemption clearly rests upon the party claiming the exemption." New Haven v. Freedom of InformationCommission, 205 Conn. 767, 775 (1988); Superintendent v. Freedomof Information Commission, 222 Conn. 621, 626 (1992); Rose v.Freedom of Information Commission, 221 Conn. 217, 232 (1992);Perkins v. Freedom of Information Commission, 228 Conn. 158, 167
(1993).
In Perkins v. Freedom of Information Commission, the Supreme Court not only reiterated the general policy considerations surrounding FOIA but specifically set forth "a comprehensive definition" of what the personal privacy exemption to FOIA means:
 Although this court has had previous occasions to apply the statutory exemption for "invasion of personal privacy" in the circumstances of a particular case; see, e.g., Chairman v. Freedom of Information Commission, supra, [217 Conn.] 198; we have not undertaken to articulate a comprehensive definition of what this phrase means. We have, in effect, imposed a burden of proof on a claimant for an exemption without providing guidelines as to what such a claimant must show in order to obtain relief from the general rule that public records are subject to public disclosure. The time has come to fill this void.
 Perkins v. Freedom of Information Commission, supra, CT Page 14661228 Conn. 169.
The court went on to adopt the tort standard for invasion of personal privacy. Specifically, the court held: "Informed by the tort standard, the invasion of personal privacy exception of § 1-19(b)(2) [now § 1-210(b)(2)] precludes disclosure, therefore, only when the information sought by a request does not pertain to legitimate matters of public concern and is highly offensive to a reasonable person." Perkins v. Freedom ofInformation Commission, supra, 228 Conn. 175. "It bears emphasis that [this] standard imposes two separate burdens on a person seeking to prove the right to an exemption on the ground of an invasion of personal privacy. Recognizing the interest of the public, Perkins limits the exemption to cases in which the person resisting disclosure proves that the challenged information does not relate to legitimate matter of public concern. . . . Recognizing the interests of the individual, Perkins further limits the exemption to cases in which the person resisting disclosure proves that the challenged information would be `highly offensive,' not to him or her subjectively, but to a reasonable person. . . . A party seeking to invoke the exemption under § 1-19(b)(2) must meet each of these burdens of proof independently." (Citations omitted; internal quotation marks omitted.) Dept. of Public Safety v. Freedom of InformationCommission, 242 Conn. 79, 84-85 (1997).
Applying the above principles set forth in Perkins, the court, McWeeny, J., addressed an identical request by Youngquist seeking disclosure of the names and home addresses of seventy-three present and former employees of the Department SeeYoungquist v. Freedom of Information Commission, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 554601 (October 29, 1996, McWeeny, J.) (18 Conn. L. Rptr. 2.);Youngquist v. Freedom of Information Commission, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 554601 (February 18, 1997, McWeeny, J.) (19 Conn. L. Rptr. 23.) Specifically, the court concluded that release of the home addresses related to legitimate matter of public concern and were not "highly offensive to a reasonable person." Accordingly, the court sustained the plaintiff's appeal and remanded the case to the FOIC for further proceedings, directing the FOIC to order the Department to release the names and addresses of the seventy-three persons previously exempted from the FOIC order. (See Youngquist v. Freedom of Information Commission, Superior Court, judicial district of Hartford-New Britain at Hartford, CT Page 14662 Docket No. 554601 (October 29, 1996, McWeeny, J.) (18 Conn. L. Rptr. 2.) The court subsequently reaffirmed its decision in Memorandum of Decision on Motion to Reargue. (See Youngquist v.Freedom of Information Commission, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 554601 (February 18, 1997, McWeeny, J.) (19 Conn. L. Rptr. 23.) In the present appeal, the plaintiff is essentially attempting to relitigate the same issues already decided by the court inYoungquist.
The parties do not dispute that the information sought is from the employees' "personnel or similar file." In the present appeal, the issue is whether the information sought by the request does not pertain to legitimate matters of public concern and is highly offensive to a reasonable person.
As to the first prong, the plaintiff, in its brief, relies onWest Hartford v. Freedom of Information Commission, 218 Conn. 256
(1991) as controlling authority on the issue of state employee addresses. In that case, a request was made for names and addresses contained in public records of retired town employees. The Supreme Court reversed the trial court on the basis of a jurisdictional issue and went on to reject the trial court's finding that § 1-19(b)(2) automatically exempted the addresses of retired town employees. The Supreme Court in dicta criticized the FOIC's decision that disclosure of public employee addresses in the absence of any evidence that the employee had taken extraordinary steps to keep their addresses private. The plaintiff relies on and takes comfort in the following language in the West Hartford decision: "We conclude, therefore, while ordinarily an address is not a private fact exempt from disclosure under 1-19(b)(2) the retirees should be afforded the opportunity to show that, by virtue of their significant efforts, they have a reasonable expectation of privacy in their addresses."
The court in Youngquist found, and this court agrees with that finding, that the West Hartford v. FOIC decision was not controlling authority on this issue. "Its references to the privacy exemption of General Statutes § 1-19(b)(2) for public employees' home addresses is dicta." Youngquist v. Freedom ofInformation Commission, supra, 19 Conn. L. Rptr. 23. As dicta, it is not binding on the courts in subsequent cases as legal precedent. See Millman v. Paige, 55 Conn. App. 238, 243 (1999);Jacoby v. Brinckerhoff, 250 Conn. 86, 105 (1999). CT Page 14663
The plaintiff next claims that the Superior Court inYoungquist concluded that the Supreme Court in Perkins overruledWest Hartford by implication. The court finds the plaintiff's argument unpersuasive. In Perkins, the Supreme Court purposely and for the first time "articulat[ed] a comprehensive definition" of the "invasion of personal privacy exemption" of General Statutes § 1-19(b)(2). As correctly noted by the FOIC in its brief, the court, McWeeny, J., determined that the Perkins
holding was more applicable than the dicta found in West Hartford
decision.
The plaintiff also maintains that its position, that WestHartford is the applicable law on state employee addresses, is bolstered by the lack of legislative activity in response to that decision. Under the doctrine of "legislative acquiescence",
 Once an appropriate interval to permit legislative reconsideration has passed without corrective legislative action, the inference of legislative acquiescence places a significant jurisprudential limitation on our own authority to reconsider the merits of our earlier decision . . . especially . . . when the precedent involved concerns the interpretation or construction of a statute.
Doe v. Doe, 244 Conn. 403, 439-40 (1998); Angelsea ProductionsInc. v. Commission on Human Rights Opportunties, 236 Conn. 681,693 (1996).
The use of the legislative acquiescence rule as a tool by which to divine legislative intent has been recently question by the Connecticut Supreme Court and the United States Supreme Court. See Conway v. Town of Wilton, 238 Conn. 653, 678 (1996);Aaron v. Securities Exchange Commission, 446 U.S. 680, 694 n. 11, 100 S.Ct. 1945, 64 L.Ed.2d 611 (1990); see also Red LionBroadcasting Co. v. Federal Communications Commission,395 U.S. 367, 381-82 n. 11, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1960).
In the present case, the court has determined that the WestHartford decision is not controlling authority because its reference to the privacy exemption is dicta. This court finds that the failure of the legislature to overturn dicta contained in West Hartford falls far short of providing a basis of legislative acquiescence. CT Page 14664
The plaintiff next argues that evidence presented at the hearing, establishes, as a matter of law, that the five Department employees' addresses are not legitimate matters of public concern. The Perkins court, however, noted that: "The legislature has . . . determined that disclosures relating to the employees of public agencies are presumptively legitimate matters of public concern. . . ." Perkins v. Freedom of InformationCommission, supra, 228 Conn. 174. Presented with the same issue, Judge McWeeny determined that: "The public could certainly be legitimately interested in ascertaining whether public employees were state residents and more specifically the town and street wherein they reside." Youngquist v. Freedom of InformationCommission, supra, Superior Court, 18 Conn. L. Rptr. 2.
Finally, the plaintiff, in order to invoke the exemption contained in § 1-210(b)(2), must show that the information sought would be highly offensive to a reasonable person.
The comments to § 652 of the Restatement suggests that subjective desires are insufficient.
 The rule stated in [§ 652D] gives protection only against unreasonable publicity, of a kind highly offensive to the ordinary reasonable [person]. The protection afforded to the plaintiff's interest in his privacy must be relative to the customs of the time and place, to the occupation of the plaintiff and to the habits of his neighbors and fellow citizens. Complete privacy does not exist in this world except in a desert, and anyone who is not a hermit must expect and endure the ordinary incidents of the community life of which he is a part. . . . Even minor and moderate annoyance . . . is not sufficient to give him a cause of action under the rule stated in this Section. It is only when the publicity given to him is such that a reasonable person would feel justified in feeling seriously aggrieved by it, that the cause of action arise.
Perkins v. Freedom of Information Commission, supra,228 Conn. 173; see also Department of Public Safety v. FOIC, supra,242 Conn. 85 (stating Perkins "limits the exemption to cases in which the person resisting disclosure proves that the challenged information would be `highly offensive,' not to him or hersubjectively, but to a reasonable person. . . .")
The court in Perkins stated: "[W]hen a person accepts public CT Page 14665 employment he or she becomes a servant of and accountable to the public. As a result, that person's reasonable expectation of privacy is diminished." Perkins v. Freedom of InformationCommission, supra, 228 Conn. 177.
In its brief, the plaintiff relies on the evidence set forth at the hearing establishing that certain employees had taken significant steps to keep their addresses private. Employees also testified that based on the investigatory nature of some of their work, they had substantial security concerns regarding release of their addresses. In Youngquist, the court, presented with similar evidence, found: "It would hardly be a narrow construction of invasion of personal privacy, especially under the Perkins test, to find the disclosure of home addresses of state employees; in contravention of their purely subjective desires, to constitute an objective highly offensive invasion of privacy." Youngquist v.Freedom of Information Commission, supra, Superior Court,19 Conn. L. Rptr. 23. The court further noted, that Department employees' concerns for their privacy was purely subjective and "as the majority of persons freely disclose their addresses, the disclosure of an address is not generally highly offensive to a reasonable person. See McNutt v. New Mexico State TribuneCompany, 538 P.2d 804, 808 (1975)."
Based on the foregoing, the plaintiffs' administrative appeal is dismissed.
Michael Hartmere, Judge